Mr. Justice Field
delivered the opinion of the court:
This case comes before us on appeal from the Court of Claims. The facts, as found by the court, may be briefly stated as follows :
On the 4th of December, 1863, D. L. Magruder, the surgeon and medical purveyor of the Military Department of the West, acting under instructions of the Surgeon-General of the United ■ States, gave notice that proposals would be received at his office in Louisville, Kentucky, until the 20th of that month, for furnishing ice to all the general hospitals of the United States at the West, including the division of the Mississippi and the Department of the Gulf, in such quantities as might, be required, for the use of the sick and wounded, during the year 1864. Under this notice, Parish & Co., the claimants, submitted proposals which were accepted, and on the 13th of the same month a contract was prepared and signed by them and Magruder by which they were to furnish ice for twenty different places, one of which was New Orleans. It was understood between the parties that this contract was not to be binding until it should receive the approval of the Surgeon-General, to whom it was forwarded. It received such approval, and was then dispatched by mail to Magruder; but, before reaching him, the approval was reconsidered, and the contract, by order of the Secretary of War, was recalled, and the draught of another contract prepared in its place. After this draught had reached Magruder, he was directed by the Secretary to erase from it the name of New Orleans, as one of the places to be supplied with ice, and have it executed in lieu of the contract originally proposed, and this was done. The claimants then executed the instrument, but, in doing so, they protested against the alteration, stating, however, that they would lay all the facts before *118 the officials at Washington, and seek from them redress. But, notwithstanding this protest, they treated the contract thus made as the only one binding upon them, and carried out their obligations under it. They did not deliver, or offer to deliver, any ice at New Orleans.
■ Upon these facts, it is difficult to perceive upon what ground the contractors can urge any claim for damages against the Government. The contract, with New Orleans erased, superseded all other proposed contracts. No other had any validity. The action of Magruder, until the approval of the Secretary of War, was merely initiatory to a contract. He could not bind the United States in any way.
If the claimants had any objections to the provisions of the contract they signed, they should have refused to make it. Having made it, and executed it, their mouths are closed against any denial that it superseded all previous arrangements.
The case of Gilbert & Secor v. The United States, decided at the December term, 1867, but not as yet reported, is one much stronger than this. There it was insisted that the act of Congress under which the Secretary acted in making a contract with Gilbert & Seeor was itself an acceptance of certain proposals presented by them, and that, taken in connection with the proposals, it constituted a contract binding on the Government. The Secretary made with the parties a contract requiring, in one particular, different kind of materials from those originally proposed; but this court held that the parties were bound by the contract signed, and could not claim any compensation for the difference in value between the materials used and those proposed.
But, independent of any consideration respecting the character of the contract, it nowhere appears that the claimants suffered any damages from the supposed injury alleged. They did not offer to deliver any ice at New Orleans, and it is not shown that they secured any for such delivery, or, if they secured any, that they were unable to part with it at prices as remunerative as those they might have obtained at New Orleans.
The appeal is frivolous, and the decree of the court below is affirmed.